UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM SCHROEDER,

        Petitioner,        Case Number: 15-12894
                                           HON. AVERN COHN

v.

JOSEPH BARRETT,

        Respondent.
_____/

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Doc. 9)**

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Adam Schroeder, a state prisoner in the custody of the Michigan Department of Corrections, challenges his convictions for third-degree criminal sexual conduct and using the internet to communicate to commit a crime.

Before the Court is Respondent's motion for summary judgment, arguing that the petition should be denied because it is untimely. The Court agrees. Accordingly, the motion will be granted and the petition will be dismissed.

**II.**

Petitioner was charged in Wayne County Circuit Court with five counts of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, and one count of use of a computer to communicate with another to commit a crime. He pleaded guilty to third-degree criminal sexual conduct and using the internet to commit a crime. In exchange for his plea, the remaining charges were dismissed. On

November 30, 2007, he was sentenced to 10 to 20 years' imprisonment for the criminal sexual conduct conviction and 10 to 15 years for the use of a computer to commit a crime conviction. Petitioner did not file a direct appeal in state court.

However, three years after he was sentenced, on December 16, 2011, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on March 12, 2012. See 3/12/12 Opinion, People v. Schroeder, No. 07-009646-01 (Doc. 10-6). On April 19, 2012, Petitioner filed a motion for reconsideration, which the trial court denied. See 2/14/14 Order, People v. Schroeder, No. 07-009646-01 (Doc. 10-8). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. See 6/22/14 Order, People v. Schroeder, No. 320845 (Doc. 10-9). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. People v. Schroeder, 497 Mich. 1026 (May 28, 2015).

Petitioner filed the pending habeas petition on August 10, 2015.

### III.

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

**B.**

Respondent contends that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitations period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); Ege v. Yukins, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

Here, Petitioner did not file a direct appeal of his convictions. Petitioner was sentenced on November 30, 2007. Because Petitioner did not pursue a direct appeal of those convictions in the state courts, his convictions became final one year later on November 30, 2008, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(G)(3) (amended 2011) (imposing a 12-month time frame for late appeal at the time of Petitioner's conviction; a June 2011 amendment reduced the time for filing a late appeal to 6 months).

The one-year limitations period therefore began on December 1, 2008, and

continued to run uninterrupted until it expired December 1, 2009.  Petitioner's motion for relief from judgment did not toll the limitations period.  The motion was filed on December 16, 2011, over two years after the limitations period already expired. Vroman, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Petitioner argues that the limitations period should be equitably tolled for several reasons.  Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000)).  The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases."  See Holland v. Florida, 560 U.S. 631, 645 (2010).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Lawrence v. Florida, 594 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  Robertson, 624 F.3d at 784.

First, Petitioner argues for equitable tolling on the ground that his appellate attorney was ineffective in determining that there were no appealable issues.  This claim of ineffective assistance of appellate counsel does not excuse Petitioner's delay in filing a motion for relief from judgment in the trial court.  Petitioner waited until approximately three years after his conviction became final to file a motion for relief from judgment in the trial court.  This unexplained, three year delay evidences a lack of diligence.

4

Equitable tolling is not available on this basis.

Second, Petitioner argues for equitable tolling of the limitations period because the claims raised in the petition are substantive in nature and should not be barred on procedural grounds. The nature of the claims raised in the petition does not impact the application of the limitations period, unless the petitioner makes a credible showing of actual innocence. See Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005) (holding that a credible claim of actual innocence may equitably toll the limitations period). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner presents no new, reliable evidence to establish that he is actually innocent. Therefore, the limitations period is not excused on this basis.

Finally, Petitioner argues that the limitations period should be equitably tolled because the delay in filing his habeas petition is attributable to his attempts to exhaust state court remedies. The filing of a motion for collateral review in state court may pause the running of the statute of limitations; it does not, however, "revive" or "restart" an expired limitations period. Vroman, 346 F.3d at 602. The filing of a motion for relief from judgment in state court did not prevent Petitioner from timely filing a habeas petition. His failure to seek collateral relief sooner in state court or to promptly seek habeas corpus relief led to the expiration of the one-year limitations period. Petitioner is, therefore, not entitled to equitable tolling.

**IV.**

For the reasons stated above, Respondent's motion for summary judgment is GRANTED.  The petition for a writ of habeas corpus is DISMISSED.  Furthermore, reasonable jurists would not debate the Court's decision that the petition is untimely, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: April 14, 2016
      Detroit, Michigan